## MARGARET FITZGERALD ET AL.

### *vs.*

## JAMES B. FITZGERALD ET AL.

1. Under the Fifth Equity Rule of this court, a motion not grantable of course, can only be heard on the first day of the special term, unless all the parties in interest appear and waive the requirement of the rule, or a different day be fixed by order of one of the justices. And if a motion is heard on any other day, the order ought to recite that the parties in interest appeared at the hearing, or that an order was made by the court allowing the party to make the motion; otherwise the order granting the motion will be void.
2. Where the interests in certain real estate of parties to a suit are decreed to be sold, and trustees are appointed for that purpose, the latter can only legally offer for sale the interests of the parties. If the trustees step aside from their duty, and declare to bidders upon the property that it is free from all incumbrances, and that the purchaser will receive a title in fee simple, and it subsequently turns out that there are incumbrances, this court would undoubtedly order a resale, and perhaps make the trustees pay the costs thereof. But where no false representations as to the title are made, and no fraud or imposition practiced on the part of the trustees, the court will not set aside the sale because an incumbrance is subsequently found to exist upon the property.

In Equity. No. 1148. Decided February 21, 1872.

APPEAL from a decree of the Equity Court.

Statement of the case by Mr. Justice OLIN:

Complainants filed their bill setting forth that complainants and defendants were the only heirs-at-law of James Fitzgerald, who died seized of certain real estate located in this District and described in the bill. The bill prayed a partition or sale of the property and a distribution of the proceeds. On February 18, 1870, a decree was made directing a sale and appointing trustees for that purpose, the terms of the sale to be part cash and balance in deferred payments as fixed by the decree. The sale of the property was accordingly made, Antonio Bragazzi becoming the pur-

chaser. Thereafter, on December 9, 1870, Bragazzi filed a petition in the cause, praying leave to anticipate the deferred payments, and further stating, "that at the time of said sale there was, and still is, due on said premises the taxes for the present year, 1870, which, with the others for the previous years, are incumbrances on said premises, and should be paid by said trustees out of the purchase money, which they (trustees) decline to do."

On the same day of the filing of this petition, the court made an order in the cause in the following words:

"It is, by the court, this 9th day of December, A. D. 1870, on the petition of the purchaser, Antonio Bragazzi, ordered and decreed that the trustees in the above cause, Samuel L. Phillips and Joseph H. Bradley, do receive from said purchaser the residue of said purchase money, with the interest thereon at 6 per cent. per annum, from the date of the notes given therefor to the time of payment, and on being paid said amount of principal and interest, deliver to said petitioner the notes, and convey said premises, lot No. 8, in Reservation No. 10, in the city of Washington, to said Antonio Bragazzi, in fee simple, at his costs, free of the deed of trust given by him to secure said notes."

It appears further, by the record, that on the 29th of December, 1870, an answer under oath to the petition of Bragazzi, was filed with the clerk of this court, the only material part which it is necessary to notice, so far as this appeal is concerned, is the following:

The trustees say: "They deny that at the time of said sale the taxes for the year 1870 were due on said property, and they are advised, and offer to show and to prove, that said taxes did not become due, and were not payable, until some time after the 7th of October last past, at which time the tax bill of the corporation of Washington was duly approved, by which the rate of taxation was fixed, and they pray leave to refer to the same."

It will thus be seen that on the 9th of December, 1870,

that the purchaser of the premises filed his petition to be released from the payment of the taxes levied upon the premises for the year 1870, and that on the same day an order was granted which in substance complied with the petition in that respect.

On the 29th of December, 1871, a paper was filed with the clerk by which an appeal was taken by consent, etc., of the solicitor for C. B. Buck and the counsel for the petitioner, Bragazzi, to the General Term from the order of the 21st (9th) of December, 1871.

Messrs. JOHN N. OLIVER and J. H. BRADLEY, JR., for plaintiffs.

Messrs. R. H. LASKEY and A. B. DUVALL for defendants.

Mr. Justice OLIN, after stating the case substantially as above, delivered the opinion of the Court:

First. In every aspect in which we view the order purporting to have been made on the 9th of December, 1870, we think it erroneous and that it should be reversed.

The 9th of December, on which day the order purports to have been made, was not the first day of the December special term, and that motion could not be heard on that day, unless all the parties in interest in the suit voluntarily appeared at the hearing of the motion and waived the requirements of the fifth equity rule. If the justices did make an order in pursuance of the fifth rule of the court, that a different day than the first day of the special term be fixed for hearing such motion, the record and all the papers in the suit are, so far as we can find, entirely silent upon the subject.

The decretal order ought to have recited that the parties in interest appeared on the hearing of the motion, or that an order was made by the court under the fifth rule in equity allowing the party to make the motion asked for in the petition. Nothing of the kind appears of record.

The fifth equity rule is as follows:

" All motions for rules or orders, or other proceedings, which are not grantable of course, or without notice, shall, unless a different day be assigned by a justice of this court, be noticed for the first day of the special term, and a copy of the affidavits of papers upon which said motion is founded, together with the notice of motion, be served on the opposite party, if he has appeared, or his solicitor, at least two days before the hearing on said motion, unless the grounds of said motion are matters of record, in which case it shall only be necessary to refer to the parts of the record as are specified in the notice of motion."

Second. If the trustees did appear and thereby waive all informality of notice of motion, the facts stated in the petition, if conceded to be true, do not authorize the order that was made in this case. First, because the trustees in this case were only the instruments of the court in making sale of the Fitzgerald property—that is, the interest which this family had in this property—that is all the trustees could legally offer for sale. If the trustees stepped aside from their duty and declared to bidders upon the property that it was free from all incumbrances and that the purchaser would receive a title in fee simple, and it subsequently turned out that there were incumbrances on the property, this court would undoubtedly set aside the sale and order a resale and, perhaps, make the trustees pay the costs of a resale. But where, as in this case, no false representations as to the title are pretended to have been made, no fraud or imposition practiced on the part of the trustees, the order made in this case should not have been made.

We think that where a trustee is appointed by this court to make sale of property in a case like this, he is but the hand of the court, and is authorized to sell, as in this case, the interest of the Fitzgerald estate in the property mentioned in the bill. He is no more obliged to look to the question whether there be any incumbrances upon the

property than is the purchaser, and that this court will not set aside a sale unless some fraud, false statement or imposition is practiced which has misled the purchaser.

Third. If it be true that before the decision of the motion in this case, the trustees appeared with their answer to the petition of the purchaser, Bragazzi, then the order was erroneous, for it denies, under oath, every substantial fact stated in the petition as to this tax incumbrance.

*We think, therefore, the order should be reversed and distribution of the proceeds be made in pursuance of the final decree made in this case, the petitioner to pay the cost of this appeal.*